{¶ 1} Wayne Pratt appeals the order of the Wood County Court of Common Pleas granting summary judgment to Greenpoint Credit, LLC ("Greenpoint"). Because the agreement between Pratt and Greenpoint did not contain the FTC holder notice, we affirm.
 {¶ 2} Pratt initially filed this complaint against North Dixie Manufactured Housing, Ltd. ("North Dixie"). In his complaint, Pratt alleged that North Dixie violated Ohio's Consumer Sales Practices Act ("OCSPA") and breached its contract with Pratt. North Dixie was served with the complaint but failed to enter an appearance. On December 7, 2001, Pratt filed a motion for default judgment against North Dixie and also filed a motion to amend the complaint to add Greenpoint as a party. Both motions were eventually granted. In the amended complaint, Pratt alleged that Greenpoint, as a holder in due course of the note on the mobile home, was liable for any violations of the OCSPA. Greenpoint denied any liability and filed a motion for summary judgment, which the trial court granted.
 {¶ 3} Pratt now raises a single assignment of error:
 {¶ 4} "Did the trial court err by concluding Greenpoint Credit, LLC could not be held derivatively liable because it was not subject to sanctions of Ohio Revised Code § 1345.02 .03 when Greenpoint Credit was assigned the contract with notice that Greenpoint would be subject to all claims and defenses which plaintiff has against the seller of goods or services obtained pursuant to the contract itself?"
 {¶ 5} In reviewing any disposition of a summary judgment motion, this court must apply the same standard as the trial court. Lorain Natl.Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 6} In his complaint, Pratt alleges that Greenpoint is liable for violations of the OCSPA. The OCSPA is designed to protect consumers with respect to consumer transactions. R.C. 1345.01 excludes from the definition of "consumer transaction" any transaction between persons defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers. R.C. 5725.01 provides definitions for "financial institution," "dealer in intangibles," "insurance company," "domestic insurance company," and "foreign insurance company." It was undisputed that Greenpoint is a dealer in intangibles, and is therefore exempt from direct liability under the OCSPA.
 {¶ 7} While Greenpoint may not be directly liable for violations of the OCSPA, it may be held derivatively liable if there is a preservation of claims and defenses clause in the contract. It must provide as follows:
 {¶ 8} "NOTICE
 {¶ 9} "Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder."
 {¶ 10} Such a clause is required by the Federal Trade Commission. Section 433.2(a), Title 16, C.F.R. Also known as the "FTC holder rule," this clause is designed to abrogate the holder-in-due-course doctrine in order to protect consumers when they are purchasing goods or services on credit and to reallocate the cost of any seller misconduct from the consumer to the creditor. Milchen v. Bob Morris Pontiac (1996),113 Ohio App.3d 190, 195. However, there is no private cause of action under the FTC holder rule, even if this language is omitted entirely. See, Bartels v. Alabama Commercial College, Inc., 918 F. Supp. 1565, 1570
(S.D.Ga. 1995).
 {¶ 11} In its decision on Greenpoint's motion for summary judgment, the trial court found that the agreement between Pratt and Greenpoint did not contain a "preservation of claims and defenses clause;" thus Greenpoint could not be held derivatively liable for any violation of the OCSPA. Because Greenpoint is also exempt by definition from direct liability under the OCSPA, the trial court granted summary judgment to Greenpoint.
 {¶ 12} Pratt argues that FTC holder notice was included in the contract and invites examination of a copy of the agreement, attached to his brief as exhibit M. Exhibit M, however, differs from the agreement presented to the trial court. While the first six pages of exhibit M are identical to the agreement attached to Pratt's memorandum in opposition to Greenpoint's motion for summary judgment, exhibit M has an additional seventh page, containing the notice the trial court found to be missing. This seventh page, though, appears to be a part of an agreement between North Dixie and Pratt, as they are identified as the signatories. The page is also unsigned by any of the parties and is undated. Because this document has deficiencies and more importantly was not before the trial court, it cannot be considered part of the record on appeal. See App.R. 9(A).
 {¶ 13} After reviewing the agreement that was before the trial court, we find that the contract does not contain the language provided in the FTC holder rule. Without this language, Greenpoint is not derivatively liable for any violation of the OCSPA. See Blon v. BankOne, Akron, N.A. (1988), 35 Ohio St.3d 98. Pratt's sole assignment of error is therefore not well-taken.
 {¶ 14} Upon consideration, we find that substantial justice was done the party complaining. The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.
Richard W. Knepper, J., Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., CONCUR.